1 | SHANTA DRIVER, Bar No. P65007
United for Equality and Affirmative Action Legal Defense Fund (UEAALDF)
2 | 19526-B Cranbrook Drive
Detroit, MI 48221
3 | (313) 683-0942 Fax: (313) 586-0089
shanta.driver@ueaa.net, monica.smith@ueaa.net
4 | Attorneys for Plaintiff

5

## UNITED STATES DISTRICT COURT
6 | ## EASTERN DISTRICT OF MICHIGAN

7 | NICOLE CONAWAY,                    Case No.: 2:21-cv-12253

8 | Plaintiff,                        **COMPLAINT**

9 | vs.                               • **Family and Medical Leave Act (FMLA) (29 U.S.C. §2601 et seq)**
10 | DETROIT PUBLIC SCHOOLS           • **Americans with Disabilities Act (ADA) (42 U.S.C. §12112)**
COMMUNITY DISTRICT,
11 | Defendant.

12 | _____   **DEMAND FOR JURY TRIAL**

13

14 |     Pursuant to the Federal Rules of Civil Procedure, Plaintiff, by and through

15 | her attorneys, UNITED FOR EQUALITY AND AFFIRMATIVE ACTION

16 | LEGAL DEFENSE FUND (UEAALDF), states as follows:

17 |                        **INTRODUCTION**

18 | 1. The Plaintiff, Nicole Conaway, is a highly-rated, 15-year-veteran science

19 |    and mathematics teacher who works for Defendant Detroit Public Schools

20 |    Community District (DPSCD, "the District"). Her physician has directed her

1    to conduct teaching remotely because she suffers from recurrent maxillary

2    sinusitis, allergies, and chronic asthma.

3    2. Plaintiff applied for a position to teach at DPSCD's new Detroit Virtual

4    School (DVS) Program, giving doctor's certification that she should work

5    from home due to her medical conditions. EXHIBIT G. On August 31,

6    DPSCD denied her application, even though DPSCD is under an agreement

7    to give preference to individuals who should work from home for medical

8    reasons, and even though the DVS Program continues to have vacancies for

9    math and science teachers. EXHIBIT C.

10    3. Then Plaintiff requested that DPSCD provide her with accommodations

11    under the Americans with Disabilities Act (ADA) to teach remotely from

12    home, again providing a doctor's certification. EXHIBITS H, I.

13    4. On September 9 or 10, DPSCD informed her that she would be terminated if

14    she did not report to work or obtain yet another doctor's certification to

15    obtain leave under the Family and Medical Leave Act (FMLA). EXHIBIT J.

16    5. On September 13, Ms. Conaway asked DPSCD to grant her leave under the

17    FMLA, and she provided a doctor's certification that she has allergies and

18    asthma. Asthma is explicitly recognized under the Family Medical Leave

19    Act (FMLA) as a qualifying serious medical condition that merits leave. 29

20    C.F.R. §825.115(c)(3) 825.114(a)(2)(iii).

6. DPSCD denied her request for FMLA leave. DPSCD, in denying Plaintiff's FMLA request, claims that asthma is "not a covered reason." EXHIBIT R. In fact, asthma is recognized as a serious medical condition under FMLA 29 C.F.R. §825.115(c)(3).

7. DPSCD continues to ignore her request for ADA accommodation to teach from home. EXHIBIT S.

8. While denying Plaintiff's request, DPSCD in its denial letter ordered the Plaintiff to return immediately to work after providing DPSCD with a note from her doctor stating that she is cleared to return to work. EXHIBIT R.

9. Plaintiff visited her primary care physician September 24, 2021, who did not clear her to return to work. EXHIBIT U. Plaintiff cannot return to work, and she cannot provide the District with the doctor's note DPSCD is requiring.

10. Plaintiff files this Complaint for injunctive relief to enjoin Defendant to grant her request FMLA leave and to enjoin Defendant to provide reasonable accommodation under the ADA in the form of allowing her to teach students remotely.

**JURISDICTION AND VENUE**

1. This action arising from Defendants' actions against Plaintiff Nicole Conaway ("Plaintiff") in Detroit, Michigan in Wayne County. This action is brought pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601 *et*

1    *seq.*, and the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 *et*

2    *seq.,* and related regulations.

3    2. Plaintiff resides in Detroit, Michigan. The Defendant is in Detroit, Michigan.

4    The events, acts, and/or omissions complained of herein occurred in Wayne

5    County, Michigan, and this action is properly assigned to the U.S. District

6    Court of Michigan, Eastern District.

7    3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28

8    U.S.C. § 1343(3).

9    4. This action is timely filed within all applicable statutes of limitation.

10   **PARTIES**

11   5.    Plaintiff Nicole Conaway is a teacher employed by the Detroit Public

12   Schools Community District ("DPSCD"). She is a resident of Wayne County in the

13   State of Michigan.

14   6.    Defendant Detroit Public Schools Community District ("DPSCD") is a

15   public entity and an educational service agency established and maintained by the

16   laws and constitution of the State of Michigan, and owns, operates, manages,

17   directs, and employs and/or is responsible for other Defendants in this action.

18   **ALLEGATIONS**

19   7.    Plaintiff has taught in DPSCD since 2006. She is endorsed by the State of

20   Michigan to teach Secondary (grades 6-12) Mathematics and Science. She has

1   taught at Communication and Media Arts High School (CMA) since the 2018-19

2   school year. She regularly obtains excellent teaching evaluations.

3   8.     Plaintiff has medical diagnoses of asthma, chronic allergies and rhinitis, and

4   suffers frequent respiratory infections. EXHIBITS G, I, O. She has had episodes of

5   respiratory distress that have resulted in going to the emergency room.

6   9.     She is an outspoken leader in the Detroit teacher's union and the city of

7   Detroit and has criticized plans by DPSCD to reopen for in-person learning

8   prematurely, which unnecessarily spreads COVID-19 among teachers, staff,

9   students and their families. DPSCD's premature reopening in Fall 2020 led to a

10   new spike of infections that resulted in schools re-closing in November 2020.

11   Now, DPSCD is again pursuing a premature reopening policy as the Delta variant

12   spreads in Detroit.

13   10.    Plaintiff has been a regular speaker at DPSCD school board meetings and

14   has attended dozens of public rallies and pickets, and she has spoken to local print

15   and television news media. In Summer 2020, she engaged in a public back-and-

16   forth argument with DPSCD Superintendent Dr. Nikolai Vitti on Twitter about

17   DPSCD's premature school reopening plan.

18   11.    Plaintiff has been an active representative and advocate for teachers and staff

19   at CMA, where she is the elected Building Representative of the teacher's union,

20   Detroit Federation of Teachers (DFT). In August 2021, Conaway represented the

1  staff of CMA as the building rep to the school Principal in an effort to enforce the

2  contractual class size limits under the Covid reopening plan. EXHIBIT F.

3  12.    In Summer 2020, Plaintiff testified in support of two complainants in their

4  pending Unfair Labor Practice cases against DPSCD before the Michigan

5  Employment Relations Commission (MERC).

6  13.    For the 2021-22 school year, DPSCD is reopening school sites for in-person

7  instruction, and establishing a permanent virtual-learning program called "Detroit

8  Virtual School" (DVS) Program.

9  14.    On August 9, 2021 Plaintiff applied for an assignment at the DVS Program.

10  EXHIBIT E.

11  15.    Plaintiff was highly qualified to teach at DVS. For the 2020-21 school year,

12  Plaintiff was rated "Highly Effective" -- DPSCD's highest evaluation rating --

13  while teaching online. EXHIBIT B. Due to the pandemic, Plaintiff had taught her

14  students at CMA remotely from March 13, 2020 through all of the 2020-21 school

15  year.

16  16.    Conaway included her medical information with her application to the DVS

17  Program. The Letter of Agreement between DPSCD and the DFT regarding the

18  Virtual School requires DPSCD to give priority to teachers with medical

19  conditions making them susceptible to COVID-19 certified by a physician. The

20  LOA mandates: "The District will provide preference to those teachers who

COMPLAINT
Case No. 2:21-cv-12253

medically demonstrate through a certified physician an underlying health condition that makes them significantly vulnerable to COVID-19 exposure." EXHIBIT C (paragraph 8).

17.   Plaintiff sent DPSCD a letter from her physician, orolaryngologist Dr. Robert J. Stachler, documenting her asthma and recurrent maxillary sinusitis. EXHIBIT G.

18.   On August 31, 2021, Conaway was interviewed by the Director of Virtual Learning and the Virtual School Principal Philip Vanhooks for a position in the DVS Program. Later on the same day, the Principal Vanhooks notified Conaway that she would not be placed in the position.

19.   On September 1, 2021, Plaintiff applied for ADA accommodation to teach virtually. With her request she submitted a letter from her physician. EXHIBITS H, I.

20.   On September 2, 2021, Conaway replied via email to Virtual Learning Director Julie Alspach, informing her of her doctor's letter and ADA request and asking to be reconsidered for a virtual teaching position.

21.   Although the Delta variant of COVID-19 continues to spread in Detroit, DPSCD so far has not implemented a vaccine mandate for students attending in-person learning, a sound public-health measure that has been adopted by the

1  nation's largest school district, Los Angeles, and increasingly is being adopted

2  nationwide.

3  22.    Detroiters, protecting their families and themselves, have applied to DPSCD

4  in large numbers for their children to stay in virtual learning.

5  23.    As a result, the DVS Program reports an acute shortage of teachers. Virtual

6  elementary classrooms report classroom sizes up to 70 students. Other virtual

7  classrooms lack teachers entirely.

8  24.    On September 8, 2021, DPSCD held an informational meeting for the virtual

9  school. At that meeting, Philip Vanhooks, the principal of the DVS Program, stated

10  that he had to substitute for an eighth grade class because there was no math

11  teacher. The DVS Program still has need for teachers in mathematics and science,

12  vacancies which Plaintiff can fill.

13  25.    Meanwhile, Plaintiff was calling-in sick, awaiting the District's response to

14  her request for accommodation. DPSCD has approved these Sick Days. EXHIBIT

15  K.

16  26.    Also on Friday, September 10, 2021, DPSCD sent a "Notice of

17  Unauthorized Absence" to Plaintiff, signed by HR Manager Lori Corbin.

18  EXHIBIT J.

19  27.    On Monday, September 13, 2021, Conaway received the "Notice of

20  Unauthorized Absence," via US mail. It stated that her absences were

"unauthorized," and that she must (1) report to work at her school by September 17, (2) request a leave under FMLA, or (3) resign. If she failed to respond with any of these actions by September 17, she would be terminated. EXHIBIT J.

28.    Conaway faxed a request for FMLA leave to DPSCD Employee Health Services that same day, September 13, 2021. EXHIBIT M. That day, DPSCD Leave Manager Sharon K. Sklar acknowledged the request, and asked Plaintiff to provide a FMLA certification form signed by her physician by September 29. EXHIBIT N.

29.    On September 14, 2021, Plaintiff provided a doctor's certification to Ms. Sklar. This Health Care Provider form indicated that Plaintiff has allergies and asthma, she is at high risk for pulmonary complications if infected with COVID-19, and that she is undergoing treatment from him and a pulmonologist.  EXHIBIT O.

30.    On the evening of September 14, 2021, Plaintiff spoke to the DPSCD School Board at its regular scheduled meeting, stating that they must correct the shortage of teachers in virtual programs and hire teachers who want to continue teaching while keeping themselves and their families safe. EXHIBIT P.

31.    On Wednesday, September 22, at 3:41 PM, Ms. Sklar informed Plaintiff that her request for FMLA leave was denied. The District's response solely stated that her health condition was: "Not a Covered Reason." Ms. Sklar directed Plaintiff to

1    report to work in-person and the next business day, and "to provide medical

2    clearance." Ms. Sklar Cc'd this communication to DPSCD's Department of

3    Human Resources. EXHIBIT R.

4    32.    Chronic asthma is explicitly recognized under the Family Medical Leave

5    Act (FMLA) as a qualifying serious medical condition. 29 C.F.R. §825.115(c)(3).

6    It is recognized by the Centers for Disease Control and Prevention (CDC) as a

7    serious underlying condition that puts individuals at risk for serious illness and

8    death from COVID-19.

9    33.    Plaintiff is unable to follow these directives. She cannot report to work due

10    to her medical conditions. She cannot provide a doctor's clearance to report to

11    work as directed, as Dr. Stachler will not give her clearance.

12    34.    FMLA prohibits an employer from denying FMLA leave without first (1)

13    obtaining clarification from the certifying physician if necessary (29 CFR

14    §825.307(a)), and (2) if it disagrees with the physician, it must pay for and obtain a

15    second opinion from another physician. 29 CFR §825.307(b)-(c).

16    35.    On September 24, 2021, Plaintiff visited her primary care physician, Dr.

17    Melvin Murphy. Dr. Murphy did not clear Plaintiff to return to work. EXHIBIT U.

18    36.    DPSCD may not direct Plaintiff to report to work in violation of her doctor's

19    orders; nor may DPSCD take adverse action against her if she fails to report to

20    work or fails to provide a doctor's clearance that she cannot obtain.

37.    Further, FMLA and the ADA bar DPSCD from retaliating against Plaintiff for exercising her rights under the FMLA and the ADA. She has made a valid request for accommodation under the ADA and a valid request for leave under FMLA, and she has criticized DPSCD policies that violate the ADA and FMLA rights of DPSCD employees.

38.    Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on September 23, 2021.

39.    DPSCD's 2nd July 15, 2021 Letter of Agreement with the DFT teachers' union requires DPSCD to honor valid teacher requests for accommodation or leave under the ADA and/or FMLA: "DFT bargaining unit members who experience difficulties related to COVID-19 are encouraged to apply for leave or reasonable accommodations afforded through the Family and Medical Leave Act and/or Americans with Disabilities Act." EXHIBIT D (paragraph 14).

40.    The CDC instructs school districts: "Workers who have an underlying medical condition or are taking medication that weakens their immune system may NOT be fully protected even if fully vaccinated and may need to continue using additional prevention measures." CDC.gov, "Guidance for COVID-19 Prevention in K-12 Schools" (updated Aug. 5, 2021) (emphasis in original).

41.    Furthermore, the CDC instructs school districts: "As part of their workplace COVID-19 vaccination policy, schools should recognize that a worker who cannot

get vaccinated due to a disability (covered by the ADA), has a disability that affects their ability to have a full immune response to vaccination, or has a sincerely held religious belief or practice (covered by Title VII of the Civil Rights Act of 1964) may be entitled to a reasonable accommodation that does not pose an undue hardship on the operation of the employer's business. Additionally, school employers should advise workers with weakened immune systems about the importance of talking to their healthcare professional about the need for continued personal protective measures after vaccination." Plaintiff is seeking the advice of her healthcare professionals, and DPSCD is violating CDC guidelines and ADA law.

42.    Plaintiff's request for ADA accommodation is reasonable. She continues to be able to perform all the essential functions, including providing instruction, recording student attendance, assessing students, maintaining a gradebook, conducting parent-teacher conferences, and attending staff meetings and professional developments while working online. Since her school closed to the pandemic on March 13, 2020 and through the end of 2020-21 school year, she has taught remotely, and she has done so highly effectively. DPSCD evaluated her as "Highly Effective," DPSCD's highest rating, for the 2020-21 school year.

43.    DPSCD can accommodate Plaintiff's request: Teachers at the DVS Program are allowed to teach from home three days per week. EXHIBIT Q.

44.    Plaintiff received an email from September 13 from the District stating that they have received Plaintiff's accommodation request, and that they would be calling the Plaintiff to discuss it. EXHIBIT L. However, the District never contacted Plaintiff for this matter. To date, the District has ignored Plaintiff's request and has proceeded to threaten her with termination for not reporting to work in-person. EXHIBIT S.

45.    DPSCD can make no claim of undue hardship if it were to grant Plaintiff's request for accommodation, as enrollment in the DVS Program is overwhelming current staffing resources.

**COUNT ONE**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA)**

46.    Plaintiff incorporates by reference the allegations of the preceding paragraphs.

47.    Defendant is a covered employer under the FMLA, 29 U.S.C. 26 § 2611(4)(A). At all times herein relevant, Plaintiff is an eligible employee with a serious health condition under 29 U.S.C. § 2611(2)(A), and 29 U.S.C. § 2612(a)(1).

48.    The FMLA makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises his or her right to leave. 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or

1  deny the exercise of or the attempt to exercise, any right provided under this

2  subchapter.")

3  49.    Chronic asthma is explicitly recognized under the Family Medical Leave

4  Act (FMLA) as a qualifying serious medical condition. 29 C.F.R. §825.115(c)(3).

5  Plaintiff's recurrent maxillary sinusitis also merits leave under the FMLA, as

6  certified by Plaintiff's physician.

7  50.    Defendant did not act in good faith and has no reasonable grounds for

8  believing it is not violating the FMLA.

9  51.    Plaintiff is entitled to "such equitable relief as may be appropriate, including

10  employment, reinstatement, and promotion" under 29 U.S.C. § 2617(a)(1)(B).

11  52.    If Defendant denies wages, salary, employment benefits, or other

12  compensation to Plaintiff in violation of the FMLA, Plaintiff is entitled to damages

13  under 29 U.S.C. § 2617(a)(1)(A).

14  53.    Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant

15  to 29 U.S.C. § 2617(a)(1)(A)(3).

16  
**COUNT TWO**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

17

18  54.    Plaintiff incorporates by reference the allegations of the preceding
paragraphs.

19

20  55.    Plaintiff filed a complaint with the Equal Employment Opportunity
Commission (EEOC) on September 23, 2021. EXHIBIT T.

COMPLAINT
Case No. 2:21-cv-12253

14

56.     Asthma is a recognized disability under the Americans with Disabilities Act (ADA), and accommodation to prevent exposure to COVID-19 for someone who has asthma is a reasonable accommodation. *Peeples v. Clinical Support Options, Inc.,* 487 F.Supp. 3d 56 (D. Mass. 2020).

57.     Plaintiff has asthma, recurrent maxillary sinusitis, and allergies which require her to work from home.

58.     Defendant's acts and omissions constitute unlawful discrimination against Plaintiff on the basis of her disability, in violation of the ADA. 42 U.S.C. §12112.

59.     Defendant's failure to provide Plaintiff with a reasonable accommodation that would enable her to remain employed constitutes illegal discrimination against Plaintiff on the basis of her disability in violation of the ADA. 42 U.S.C. §12112.

60.     Defendant's acts and omissions create a hostile work environment on the basis of disability, and fail to eliminate that hostile work environment, in violation of the ADA. 42 U.S.C. §12112.

61.     Defendant's unlawful denial of FMLA leave constitutes retaliation against Plaintiff for filing a request for accommodation under the ADA.

62.     Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 42 U.S.C. §12205.

### JURY DEMAND

63.     Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A temporary restraining order and preliminary injunction enjoining Defendant to grant Plaintiff's request for leave under the Family and Medical Leave Act (FMLA);

2. A temporary restraining order and preliminary injunction requiring Defendant to permit Plaintiff to teach remotely for the duration of the pandemic and otherwise requiring Defendant to discontinue its discriminatory practices;

3. Declaratory relief that Defendant's rejection of Plaintiff's request for the accommodation of remote teaching violates the Americans with Disabilities Act (ADA);

4. Compensatory damages and punitive damages for mental anguish and pain and suffering caused by Defendant's actions.

5. Reasonable attorneys' fees, together with litigation expenses and costs of suit.

6. Such other relief as the Court deems appropriate.

By Plaintiff's Attorneys,

1

UNITED FOR EQUALITY AND
AFFIRMATIVE ACTION LEGAL DEFENSE
2      FUND (UEAALDF)

3      BY:    /s/ Shanta Driver

4      Date: September 24, 2021

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20