UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE CONAWAY,

    Plaintiff,

    v.

DETROIT PUB. SCH. CMTY. DIST.,

    Defendant.
_____/

Case No. 21-cv-12253

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## **OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [#26]**

### I. INTRODUCTION

On December 17, 2021, this Court denied Plaintiff Nicole Conaway's Motion for a Preliminary Injunction to enjoin Defendant Detroit Public Schools Community District from requiring her to teach in-person classes. *See Conaway v. Detroit Pub. Sch. Cmty. Dist.*, No. 21-cv-12253, 2021 U.S. Dist. LEXIS 241862 (E.D. Mich. Dec. 17, 2021). Plaintiff asserted claims against Defendant for denying her leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and for Defendant allegedly violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") for not permitting Plaintiff to teach from her home full-time. The Court found Plaintiff unlikely to succeed on the merits of her claims. *See Conaway*, 2021 U.S. Dist. LEXIS 241862, at *12, *18.

1

Presently before the Court is Defendant's Motion for Judgment on the Pleadings [#26], filed on January 10, 2022.  Plaintiff submitted her Response in Opposition on January 31, 2022.  ECF No. 30, PageID.586.  Defendant did not file a Reply brief.  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the matter's disposition.  Therefore, the Court elects to resolve Defendant's Motion on the briefs.  E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court will GRANT IN PART Defendant's Motion for Judgment on the Pleadings.

## II. FACTUAL BACKGROUND

The Court set forth the factual background in extensive detail in its December 17, 2021 decision, and will assume the reader's familiarity with those facts.  *See Conaway v. Detroit Pub. Sch. Cmty. Dist.*, , 2021 U.S. Dist. LEXIS 241862, at *2–*8.  For purposes of Defendant's pending Motion, the Court supplements this matter's procedural history.

On December 29, 2021, Plaintiff filed a Motion to Put Case in Abeyance pending the Equal Employment Opportunity Commission's ("EEOC") investigation of Plaintiff's ADA complaint.  ECF No. 24, PageID.479.  Defendant responded in opposition on January 10, 2022, alongside its present Motion for Judgment on the Pleadings.  *See* ECF Nos. 25, 26.  The Court scheduled an April

28, 2022 hearing for Defendant's Motion.  On March 17, 2022 the Court adjourned the April 28, 2022 hearing until May 16, 2022 over Zoom, at Plaintiff's request.  ECF No. 33, PageID.625.  In its March 17, 2022 order, the Court also denied Plaintiff's Motion to Put Case in Abeyance [#24].  *Id*. at PageID.624.  Finding abeyance inappropriate, the Court did not find that Plaintiff established good cause to stay these proceedings.  *Id*.

### III. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same.").  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).  The Rule 12(c) proponent must be "clearly entitled to judgment," such that the opposing party cannot present any legally cognizable set of facts that

would support its position. *Jackson v. Professional Radiology Inc.*, 863 F.3d 463, 467 (6th Cir. 2017).

### IV. DISCUSSION

Defendant seeks a judgment on the pleadings that dismisses with prejudice Plaintiff's two claims. ECF No. 26-1, PageID.490. Plaintiff renews her request to place the case in abeyance, pending a decision from the EEOC regarding her ADA complaint. ECF No. 30, PageID.586. Nothing has changed since this Court found Plaintiff unlikely to succeed on her FMLA and ADA claims. The Court will consider Defendant's arguments as applied to each claim below.

#### A. FMLA

Defendant first contends that Plaintiff fails to plead a cognizable claim under the FMLA. ECF No. 26-1, PageID.496. Entitled employees can receive up to twelve weeks of unpaid leave under the FMLA when encountering a serious health condition that prevents the employee from doing their job. 29 U.S.C. § 2612(a)(1)(D). Plaintiff—a teacher—does not dispute that she can teach. ECF No. 1, PageID.6–7. Her doctor stated that Plaintiff "is very able to teach classes virtually," despite her alleged health condition. ECF No. 12-1, PageID.261. Because Plaintiff admits she can perform her employment duties despite having a health condition, her FMLA claim fails.

Additionally, Plaintiff does not dispute Defendant's arguments in her Response. *See* ECF No. 30. A plaintiff generally concedes a defense when failing to respond to a defendant's argument. *See Humphrey v. U.S. Att'y Gen.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (internal quotation omitted). As such, the Court will dismiss with prejudice Plaintiff's FMLA claim on the pleadings.

**B. ADA Claim**

Next, Defendant avers that Plaintiff's ADA claim also fails because she has not exhausted her administrative remedies. ECF No. 26-1, PageID.497. Before Plaintiff could file her ADA claim in court, she needed to first exhaust her administrative remedies. 42 U.S.C. § 2000e-5(e)(1); *see also Marcum v. Oscar Mayer Food Corp.*, 46 F. App'x 331, 333 (6th Cir. 2002) ("The exhaustion of administrative remedies is a condition precedent to an ADA action."). Plaintiff can exhaust her administrative remedies by filing an EEOC complaint describing the alleged discrimination. *See Marcum*, 46 F. App'x, at 333 (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) ("An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the

EEOC[.]")). After the EEOC issues a right-to-sue letter, Plaintiff can bring a civil action in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff filed a discrimination complaint with the EEOC on September 23, 2021. ECF No. 1, PageID.11. She has not received a right-to-sue letter. Instead, Plaintiff requests the Court to place this case in abeyance until the EEOC reaches a determination regarding her ADA complaint. *See* ECF 30. The Court rejected this request in its March 17, 2022 order, finding Plaintiff failed to establish good cause for such a request. Nothing has changed since the Court's March 17, 2022 decision. Dismissing an ADA claim is proper when the claimant fails to exhaust their administrative remedies. *See Jenkins v. Foot Locker Inc.*, No. 12-13175, 2014 U.S. Dist. LEXIS 66773, *6 (E.D. Mich. May 15, 2014) (citing *Parry*, 236 F.3d at 309). Accordingly, Plaintiff's ADA claim is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff may refile her case if the EEOC provides her a right-to-sue letter.

## V. CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART Defendant's Motion for a Judgment on the Pleadings [#26]. The Court will dismiss Plaintiff's FMLA claim with prejudice and dismiss Plaintiff's ADA claim without prejudice pending the EEOC's findings regarding Plaintiff's ADA complaint.

**IT IS SO ORDERED.**

Dated:  May 16, 2022                           /s/ Gershwin A. Drain
                                                                       GERSHWIN A. DRAIN
                                                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 16, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager